IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS STEWART, #B-25889, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 16-cv-0006-SMY ) |
| MIKE GUYER/DRYER and WARDEN STEPHEN DUNCAN, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case was severed from *Stewart v. Wexford Health Source, Inc., et al.*, No. 15-cv-1322-MJR-SCW (original case), pursuant to a Memorandum and Order entered in that case on January 4, 2016. (*See* Doc. 1, instant case). Consistent with the Memorandum and Order, the instant case will address the claim in Count 3 of the original case against Defendants Guyer/Dryer and Duncan for housing Plaintiff in unsanitary conditions and failing to repair his broken toilet for seven days. As discussed in the Memorandum and Order, this claim survives preliminary review under 28 U.S.C. § 1915A and shall proceed at this time. An additional filing fee shall be assessed in this case.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **MIKE GUYER/DRYER**[1] and **WARDEN STEPHEN DUNCAN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

---

[1] As discussed in the Memorandum and Order (*see* Doc. 1 in the instant case, p. 4), Plaintiff listed Defendant Guyer as a party and described him as a plumber, but then later referred to the plumber as Defendant Dryer. The Court presumed that Plaintiff was referring to the same party, but was confused as to the spelling of his name. Therefore, the Court elected to refer to this Defendant as Mike Guyer/Dryer. Once Plaintiff has identified the correct spelling of this Defendant's name, he should notify the Court so that the record reflects the proper spelling of this Defendant's name.

The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), the Memorandum and Order (Doc. 1), and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the

pending motion for recruitment of counsel (Doc. 4).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 27, 2016**

s/ STACI M. YANDLE  
United States District Judge
