IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS STEWART, B25889 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CV-6-SMY-RJD |
| ) | |
| MIKE GEIER and STEPHEN DUNCAN, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Pending before the Court is the Motion for Summary Judgment filed by Defendants Mike Geier and Stephen Duncan (Doc. 26). Defendants assert that they are entitled to summary judgment on the basis that Plaintiff Otis Stewart failed to exhaust administrative remedies before filing suit. For the following reasons, the motion is **DENIED**.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a single Eighth Amendment conditions of confinement claim against the defendants. According to Plaintiff's Complaint, on June 26, 2015, the toilet in his cell at Lawrence Correctional Center ("Lawrence") stopped working and remained nonfunctioning for seven days (Doc. 2, p. 13). The prison was on lockdown at the time. *Id*. As a result, Plaintiff and his cellmate were forced to live and eat right next to the toilet as it became increasingly full of human excrement. *Id*. Plaintiff asserts that Stephen Duncan, the Lawrence warden, and Mike Geier, the Lawrence plumber, violated his rights under the Eighth Amendment by failing to fix the problem sooner.

The facts relevant to the grievance issue appear are largely undisputed. On July 1, 2015, Plaintiff filed an emergency grievance addressing the toilet problem (Doc. 27-1, p. 1). On July 7, 2015, Defendant Duncan denied that the grievance was an emergency and directed Plaintiff to

1

pursue the grievance through the normal non-emergency procedures. *Id*. Shortly thereafter, Plaintiff appealed that denial to the Illinois Department of Corrections ("IDOC") Administrative Review Board ("ARB") (Doc. 27-2, p. 1). On August 4, 2015, the ARB denied the appeal on the basis that it was procedurally defective because Plaintiff did not submit the grievance through the normal non-emergency grievance procedure. *Id*. Plaintiff filed suit on December 2, 2015.

Defendants assert that Plaintiff did not properly exhaust and that he should have resubmitted his emergency grievance through the normal non-emergency channels after it was denied by the warden. Plaintiff disagrees, asserting that he properly exhausted his remedies when he appealed the denial of his emergency grievance directly to the ARB.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before filing a lawsuit regarding prison conditions. 42 U.S.C. § 1997e. Prisoners are not required to plead or demonstration exhaustion in their complaint, but defendants may raise a prisoner's failure to exhaust as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). The Seventh Circuit has taken a "strict compliance" approach to exhaustion under the PLRA. *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However a prisoner is only required to exhaust available administrative remedies. Remedies will be deemed unavailable if prison officials take unfair advantage of the grievance process or "use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. Finally, "[e]xhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.*

The IDOC implements a three step grievance process for general prison grievances (i.e., non-emergency grievances and grievances not subject to direct ARB review pursuant to Ill.

2

Admin. Code tit. 20, § 504.870). First, the prisoner must attempt to resolve the issue informally with their counselor. Ill. Admin. Code tit. 20, § 504.810(a). If the prisoner is dissatisfied with the counselor's response they may proceed to step two by filing a written grievance with the institution's grievance officer. *Id*. The grievance officer will then "consider the grievance and report his or her findings and recommendations in writing to the [warden]." Ill. Admin. Code Tit. 20, § 504.830(d). The warden will then issue a decision in writing to the prisoner. *Id*. If the prisoner is dissatisfied with the warden's decision they may appeal the grievance to the ARB. Ill. Admin. Code Tit. 20, § 504.850(a). This is the third and final step. The grievance process is then completed when the ARB issues a decision.

Emergency grievances are handled differently. IDOC regulations state that "[a]n offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer [the prison warden]." 20 Ill. Admin.Code § 504.840. The warden may then either treat the grievance as an emergency or decline to treat it as such and return the grievance to the prisoner. *Id*. If the warden declines to treat the grievance as an emergency, the prisoner may appeal the warden's denial directly to the ARB. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). This appeal will complete the exhaustion process. *Id*., *see also Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) ("In *Thornton* … we explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary").

Here, Plaintiff utilized the IDOC emergency grievance process. After the Warden declined to treat the grievance as an emergency, Plaintiff appealed directly to the ARB. Pursuant to the Seventh Circuit's holdings in *Thornton* and *Glick*, this is an acceptable way to complete

3

the IDOC grievance process.  Thus, Plaintiff was not required to resubmit the grievance through the normal non-emergency procedures.  Accordingly, Defendants' motion is denied.

**IT IS SO ORDERED.**

**DATED:  November 2, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
