IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-6-SMY-RJD |
| | ) |
| WARDEN STEPHEN DUNCAN and | ) |
| MIKE GEIER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Otis Stewart, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while incarcerated at Lawrence Correctional Center ("Lawrence"). More specifically, Stewart alleges that the toilet in his cell was not functioning for over a week and that Warden Stephen Duncan and Institutional Plumber Mike Geier failed to take timely action to repair it. Stewart is proceeding on an Eighth Amendment deliberate indifference claim against Duncan and Geier (*see* Docs. 1, 8).

This matter is now before the Court on Defendants' Motion for Summary Judgment (Doc. 40). Plaintiff filed a timely Response (Doc. 45). For the following reasons, Defendants' Motion is **GRANTED in part and DENIED in part**.

### Background

The toilet in Plaintiff Otis Stewart's cell stopped functioning properly on June 26, 2015 (Deposition of Otis Stewart, Doc. 41-1, pp. 7-8). The toilet would not flush, but it never overflowed (*Id.* at 7, 24). The clogged condition of the toilet caused it to smell and Stewart was

not able to eat (*Id*. at 31-32). Because Lawrence was on lockdown, he was not able to use the restroom in other areas of the prison. He and his cellmate attempted to limit their usage of the toilet in their cell (*Id.* at 8, 36).

Stewart requested cleaning supplies from the gallery officer, including water to flush the toilet and a bucket, but his requests were ignored (*Id.* at 9-10, 25). He also complained about the toilet to the officer and the officer told him a work order had been submitted (*Id.* at 16).

Stewart saw the plumber, Mike Geier, sometime after his toilet stopped working and asked him to repair it (*Id.* at 15). Geier told Stewart that he needed to check with the officer (*Id.*). Geier left and Stewart did not see him for a couple of days (when he was fixing somebody else's toilet) (*Id.*). Again, Stewart asked Geier to repair his toilet, but Geier ignored him (*Id.*).

On July 1, 2015, Stewart submitted an emergency grievance complaining about his toilet (Doc. 41-5). Warden Stephen Duncan received the grievance on July 7, 2015 and determined that an emergency was not substantiated (Affidavit of Stephen Duncan, Doc. 41-4, ¶ 3; *see* Doc. 41-5). According to Geier, he learned of an issue with the toilet in Stewart's cell (R3CL7) on July 6, 2015, and resolved the issue that same day (Affidavit of Michael Geier, Doc. 41-2, ¶ 4; *see* July 6, 2015 Work Order, Doc. 41-3). There is no dispute that the toilet was repaired on July 6, 2015 (*Id.*; Doc. 41-1 at 21-22).

## **Discussion**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material

fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement, including the provision of adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Courts evaluating claims of unconstitutional conditions of confinement must consider: (1) whether the defendant prison officials acted with the requisite state of mind (the subjective component) and (2) whether the alleged deprivations were sufficiently serious to rise to the level of a constitutional violation (the objective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To succeed on an Eighth Amendment claim, a plaintiff must show that he was subjected to conditions that denied him "the minimal civilized measure of life's necessities" and that the defendant acted with a culpable state of mind in denying him the same. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006).

Here, Stewart was confined to his cell for ten days without a functioning toilet and with no access to any other toilet facilities due to an institutional lockdown. The smell from his clogged toilet caused him to be unable to eat and to lose weight. Adequate toilet facilities "are among the minimal civilized measure of life's necessities that must be afforded prisoners," *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Because Stewart was not provided any

access to a workable toilet for a significant period of time, the conditions that he complains of trigger Eighth Amendment scrutiny. *See Howard v. Wheaton*, 668 F. Supp. 1140, 1143 (N.D. Ill. 1987) ("It is clear beyond cavil that [the plaintiff] was exposed to unsanitary and possibly unhealthful conditions in his cells because he was forced to urinate and defecate in one broken toilet for six days and in another for the next seven days.")

There is a factual dispute as to whether Defendant Geier was deliberately indifferent to Stewart's cell condition. Stewart testified that he asked Geier to fix his broken toilet on two occasions within the span of a "couple days" (Doc. 41-1 at 15), but no action was taken until July 6, 2015. Geier does not dispute that he repaired Stewart's toilet on July 6, 2015, but contends that he only learned of the issue on that date. Viewing the evidence in the light most favorable to Stewart, a reasonable jury could conclude that Geier was aware of Stewart's conditions of confinement and acted with deliberate indifference by allowing them to persist for as long as they did. Geier is not entitled to qualified immunity as it is clearly established at the time of the events in question that denial of the minimal civilized measure of life's necessities, including adequate toilet facilities, implicates an inmate's constitutional rights. For these reasons, Defendant Geier is not entitled to judgment as a matter of law.

However, the Court reaches a different conclusion as to Defendant Duncan. It is undisputed that Stewart drafted an emergency grievance on July 1, 2015 complaining about his clogged toilet. Duncan maintains that he did not receive the grievance until July 7, 2015 – 1 day after the toilet had been repaired. Stewart has not proffered any evidence to dispute the date of receipt by Duncan. Because there is no evidence that Duncan was aware of the issue with

Stewart's toilet at any point prior to July 7, 2015, no reasonable jury could find that he acted with deliberate indifference, and he is entitled to summary judgment[1].

### Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Geier and Duncan (Doc. 40) is **DENIED** as to Defendant Mike Geier, but **GRANTED** as to Defendant Stephen Duncan. The Clerk of Court is **DIRECTED** to enter judgment against Plaintiff Otis Stewart and in favor of Defendant Stephen Duncan at the close of this case.

**IT IS SO ORDERED.**

**DATED: March 7, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[1] The Court need not consider Defendant Duncan's qualified immunity argument as it finds that Defendant did not violate Stewart's constitutional rights.